## MAYFIELD HEIGHTS (village) v IRISH

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14684.   Decided Oct 14, 1935

Snyder, Thomsen, Seagrave & Roudebush, Cleveland, for plaintiff in error.

Nicola & Horn, Cleveland, for defendant in error.

## OPINION

By TERRELL, J.

Among other errors claimed by the Village it is contended that the court erred in its charge to the jury in several respects.

The court charged that as a matter of law there was no evidence in the case which would warrant the jury in finding a lesser amount than that claimed, if they found for the plaintiff. The record of the evidence shows that Charles A. Irish, the village engineer, after he had prepared plans and profiles for said improvements, also prepared estimates of the cost of said improvements, among which were estimates of the cost of paving certain streets. These estimates of paving included estimates for paving with macadam concrete, amiesite, sheet asphalt (oil type), sheet asphalt (lake type), asphaltic concrete and brick. These estimates were in different amounts and varied from the highest to the lowest in the sum of about Eight Thousand Dollars. There is no evidence in the record as to which of the various paving materials was to be used. The brick pavement would have cost about Eight Thousand Dollars more than the lowest priced pavement of the other materials.

The evidence does disclose that in all the years the engineer had worked for the village they had never installed any brick pavement. In his petition Mr. Irish claimed the right to be compensated at two percent of the cost of the brick pavement.

The court instructed the jury:

"If you find for the plaintiff in this case you should find the full amount for which he is suing * * *. There is no evidence in the case, the court charges you as a matter of law, which would warrant the jury in finding a lesser sum than the amount claimed, if you do find for the plaintiff."

We conclude that the court erred in so instructing the jury. There is no apparent reason why the court should arbitrarily say, and why Mr. Irish should arbitrarily claim, that he was entitled to two percent for brick pavement when there is no definite evidence in the record that brick pavement was to be used. The court should have submitted this issue to the jury to be determined from the evidence and in considering that matter the jury well could take into mind the nature of the pavements of other streets in the village.

It was provided by the ordinance as to Mr. Irish's compensation that if the work was not completed he was to receive two percent of the estimated cost. Now the only reasonable conclusion that can be drawn as to the meaning of this phrase is that he was to receive two percent of the probable cost as estimated by him. Mr. Irish should not receive two percent of an arbitrary amount set up by him as an estimate if it was not in good faith his estimate of the probable cost. The evidence shows that his estimates were at least fifteen percent higher than he considered the real cost and ranged from there up to fifty percent higher than he believed the actual cost would have been. This evidence was a matter for the jury to take into consideration in determining the amount to which Mr. Irish was entitled. The court denied the jury the right to consider this evidence by instructing them that if they found for the plaintiff it should be in the full amount claimed. In this respect we think the court was in error.

Mr. Irish claimed interest from the day he filed the plans and profiles with the village clerk. The evidence shows that a considerable time elapsed from the time of the filing of these plans and profiles with the clerk until the proposed improvements were finally abandoned. In the contemplation of the parties if the work were completed, no compensation would be due to Mr. Irish until the completion of the work at which time he would receive his four percent of the actual cost. It is fair to conclude that during the course of the proceedings looking toward the improvements in question, no money would be due to Mr. Irish until finally it was determined that the improvement should not go forward, or at least until the lapse of a reasonable time. The question as to when the two percent compensation was due to Mr. Irish

was a question for the jury. The court denied the jury the right to consider this matter and instructed them that if they found for the plaintiff, to find for the amount for which he prayed in his petition, with interest. In this respect the court was in error.

The jury ultimately returned a verdict for the amount prayed for in the petition, to-wit, $5006.57 "with interest." After the jury had been excused the court arbitrarily changed this verdict of the jury to read "with interest as claimed in the petition." In this respect the court was also in error. The court should have allowed the jury to determine from what date the interest, if any, was to be calculated.

The ordinance setting up the compensation of Mr. Irish provided that where the proposed improvements were not completed he should receive "two percent of the estimated cost of such special improvements for the preparation of plans, specifications, profiles, and so forth, and contract therefor."

The village complains that Mr. Irish did not complete his contract in that he failed to prepare specifications and contract for the proposed improvement, and that he should not receive any compensation because of the failure to complete his contract. Mr. Irish contended that his specifications in similar improvements were all alike and all that was necessary was to take out of the files pertaining to some similar improvement a copy of the specifications and a copy of the contract. These specifications were necessary in the progress of the proposed improvement. In order to let bids to contractors, it was necessary that not only the plans be completed and on file, but that the specifications also should be on file so that a contractor could intelligently figure thereon in order to place his bid.

It may be that the court was justified in submitting to the jury the question of the right of Mr. Irish to receive some compensation. But the record clearly shows that the specifications were not prepared by Mr. Irish and that the specifications were a necessary part of the procedure before the contract was to be let. The most that the court should have done on behalf of Mr. Irish in submitting this question was to submit to the jury what compensation, if any, Mr. Irish should receive by reason of the fact that the specifications were not prepared, on the theory that if Mr. Irish had substantially complied with his contract he should receive compensation therefor after deducting from the contract price

a reasonable cost for the preparation of the specifications which were not furnished. The court did not do this, but took the entire matter out of the hands of the jury on this question, and told the jury that there was no evidence in the case to justify any less amount for the verdict than the full amount prayed for.

It will be seen from a reading of the petition that Charles A. Irish claims, in substance, that he was employed under a contract as expressed in the ordinance whereby the village of Mayfield Heights obligated itself to pay him two percent of the estimated cost of such special improvements for the preparation of plans, specifications, profiles, and so forth. The evidence discloses that Mr. Irish did submit plans, but it does not show that he furnished specifications. In order to bring himself within the terms of the ordinance so as to entitle him to a flat rate of two percent, he must show full compliance with the terms of the ordinance which constitutes the contract upon which he bases his suit. If we construe the evidence in its most favorable form, there is at least a question of fact for the jury to determine as to whether or not he furnished the specifications. It may be questioned as to whether the claim of Mr. Irish, as set forth in his petition, can be sustained, unless he shows full compliance with the terms of the ordinance which constituted his contract, and if it be found that he did not furnish specifications, he surely would not be entitled to the two percent as specified in the ordinance. The most that he could then claim is the reasonable value of the services which he did render in furnishing plans, but he could not claim the contract price of two percent when the services contemplated to be rendered by the engineer under the ordinance were not fully performed.

From a consideration of these matters we have concluded that the village of Mayfield Heights did not have a fair trial, and that the judgment of the court below should be reversed and remanded for a new trial.

LEVINE, J, concurs in the judgment.

LIEGHLEY, PJ, does not concur in the reversal of this judgment and remanding it for a new trial. He is of the opinion that the trial court erred in failing to submit to the jury the question of interest, and further is of the opinion that the judgment should be modified.